IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEITH A. ARRICK, SR.,

         CASE NO. 2:16-CV-00531
  Petitioner,        CRIM. NO. 2:14-CR-108(1)
         JUDGE JAMES L. GRAHAM
  v.        MAGISTRATE JUDGE JOLSON

UNITED STATES OF AMERICA,

  Respondent.

## OPINION AND ORDER

On July 18, 2016, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings recommending that this action be dismissed. Although the parties were advised of the right to object to the Magistrate Judge's *Report and Recommendation*, and of the consequences of failing to do so, and although the Court granted Petitioner an extension of time within to file the objections, no objections have been filed.

Instead, on September 12, 2016, Petitioner filed a *Motion to Withdraw his Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 77), and a motion to amend the § 2255 petition pursuant to Rule 15(a) of the Federal Rules of Civil Procedure[1] with additional claims that his

---

[1] Rule 15 of the Federal Rules of Civil Procedure provides:

  (a) Amendments Before Trial.

  (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

  (A) 21 days after serving it, or

  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

(b) Amendments During and After Trial.

(1) Based on an Objection at Trial. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

(2) For Issues Tried by Consent. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i)     received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

(2) Notice to the United States. When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

(d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

sentence violates *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016), and *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015), and that he was denied the effective assistance of counsel because his attorney failed to raise an issue regarding his competency.

However, Petitioner waited until after the issuance of the Magistrate Judge's *Report and Recommendation* and after being granted an extension of time to file his objections to request to withdraw his prior claims for relief and to amend his § 2255 motion with new claims. The Court has already invested considerable time in treating the original petition. *See Hurd v. Mondragon*, 851 F.2d 324, 329 (10th Cir. 1988)(declining to permit the petitioner's request to withdraw his petition prior to final disposition of the case, but after the Magistrate Judge had filed his report)(citing *Powell v. Spalding*, 679 F.2d 163 (9th Cir. 1982.)  Petitioner advances no reason that he could not earlier have presented such claims for relief.  Moreover, "a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." *Felder v. McVicar*, 113 F. 3d 696, 698 (7th Cir. 1997). Therefore, the Court declines to grant Petitioner's requests.

The court also notes that granting Petitioner's motion to amend his petition would be futile. Petitioner's claim regarding the denial of the effective assistance of counsel is time-barred. *See* 28 U.S.C. § 2255(f).[2]  Petitioner's judgment of conviction became final on June 21,

---

[2] 28 U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2015, or ten days after his June 11, 2015, judgment of conviction, when the time period expired to file a timely appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). The statute of limitations began to run on the following day, and expired one year later, or on June 12, 2016. Petitioner waited until September 12, 2016, to file his motion to amend the petition to include a new claim regarding the denial of the effective assistance of trial counsel. Therefore, his motion to amend the petition with a new claim of the denial of the effective assistance of counsel is time barred unless such claim "relates back" to the date the initial petition was filed under Federal Rule of Civil Procedure 15. *See Mayle v. Felix*, 545 U.S. 644 (2005). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one –year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth. *Id*. at 545.

Such are the circumstances here. Petitioner asserted in his initial timely filed habeas corpus petition that he was denied the effective assistance of counsel because his attorney failed to object to a three-level increase in his recommended sentence under the advisory United States Sentencing Guidelines ("the Guidelines"), and claimed that the Court incorrectly enhanced his sentence under the Guidelines. These claims differ in both time and type from Petitioner's claim that his attorney improperly failed to raise an issue regarding his competency. *See Johnson v. Sheets*, No. 2:07-CV-490, 2008 WL 926582, at *7-8 (S.D. Ohio April 3, 2008)(noting that new claims of ineffective assistance of counsel do not relate back to timely-filed claims of ineffective

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

assistance of counsel based on different sets of facts)(citing *Schurz v. Schriro*, No. CV-97-580-PHX-EHC, 2006 WL 89933 (D.Arizona Jan. 11, 2006)(internal citations omitted).

Granting Petitioner's motion for leave to amend his motion to vacate to assert a claim under *Mathis* and *Johnson* would also be futile, because Petitioner's guideline range and sentence were not enhanced under the Armed Career Criminal Act at issue in those cases, or, for that matter, under any career offender provision.

Petitioner's *Motion to Withdraw his Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 77), and his *Motion to Amend/Correct Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 78) are **DENIED**.

The *Report and Recommendation* (ECF No. 74) is **ADOPTED** and **AFFIRMED** and the *Motion to Vacate* (ECF No. 70) is **DENIED**.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

Date: October 7, 2016            _____s/James L. Graham_____
                                 JAMES L. GRAHAM
                                 United States District Judge