**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KEITH A. ARRICK, SR.,**

       **Petitioner,**

       **v.**

**UNITED STATES OF AMERICA,**

       **Respondent.**

**CASE NO. 2:16-CV-00531**
**CRIM. NO. 2:14-CR-108(1)**
**JUDGE JAMES L. GRAHAM**
**MAGISTRATE JUDGE JOLSON**

## OPINION AND ORDER

On October 7, 2016, *Judgment* was entered dismissing the instant *Motion to Vacate* under *28 U.S.C. § 2255*. (ECF No. 80.) This matter is before the Court on Petitioner's November 14, 2016, *Notice of Appeal* (ECF No. 81), which the Court construes as a request for a certificate of appealability. For the reasons that follow, Petitioner's request for a certificate of appealability is **DENIED**.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Petitioner challenges his September 11, 2014, conviction pursuant to his guilty plea to sex trafficking by force, fraud or coercion. Pursuant to the terms of his Plea Agreement, Petitioner waived his right to appeal his sentence, including the right to appeal his sentence collaterally through a 28 U.S.C. § 2255 post-conviction proceeding. (ECF No. 44 at ¶ 11.) On July 18, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending dismissal of Petitioner's § 2255 motion. On September 12, 2016, Petitioner filed a *Motion to Withdraw his Motion to Vacate under 28 U.S.C. § 2255* and a motion to amend the 2255 petition to raise new claims. (ECF Nos. 77, 78.) The Court denied the motion to amend because Petitioner waited until after the issuance of the Magistrate Judge's *Report and Recommendation* and after being granted an extension of time to file objections to request to withdraw his prior claims for relief and to amend his 2255 motion with new claims, and advanced no reason that he could not earlier have presented such claims for relief. The Court additionally denied the motion

to amend as futile, because Petitioner's proposed amended claims were either plainly time-barred or without merit. The Court is not persuaded that reasonable jurists would debate this ruling. Moreover, Petitioner has waived his right to appeal the claims he raised in his initial § 2255 motion by failing to file an objection to the Magistrate Judge's *Report and Recommendation*, despite being advised of the consequences of failing to do so and being granted a continuance for the filing of his objections. *See United States v. Waltman*, 529 Fed.Appx. 680, 681 (6th Cir. 2013)(citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

      Therefore, Petitioner's request for a certificate of appealability is **DENIED**.

Date: February 1, 2017

                                                                           _____s/James L. Graham_____
                                                                           JAMES L. GRAHAM
                                                                           United States District Judge