IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                                 Case No. 2:14-cr-108-1

Keith A. Arrick, Sr.

## OPINION AND ORDER

Defendant pleaded guilty to Count 4 of the indictment, which charged him with engaging in sex trafficking by force, fraud or coercion in violation of 18 U.S.C. §1591(a)(1), (a)(2) and (b)(1). He was sentenced to a term of incarceration of 162 months, to be followed by a 5-year term of supervised release. The Bureau of Prisons ("BOP") reports that his projected release date is October 29, 2025. *See* www.bop.gov/inmateloc/ (last visited August 17, 2022).

On April 15, 2022, defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, due to the presence of COVID-19 at his institution.1 (ECF No. 106.) Defendant submitted a request for compassionate release to the warden on December 8, 2021, and the warden denied it on January 3, 2022.

The government does not contest that defendant has exhausted his administrative remedies as required under § 3582(c)(1)(A), but

---

1 Defendant also indicated that he is requesting appointment of counsel. (ECF No. 106 at 467.)  On April 27, 2022, this Court rescinded General Order 20-21, determining that automatic appointment of counsel for compassionate release motions is no longer warranted. General Order 22-13.  As before, incarcerated defendants are free to file pro se motions for compassionate release or to engage private counsel.  The Court declines to appoint counsel for defendant since defendant has not demonstrated sufficient areas of complexity that he has not adequately addressed himself.

the government does point out that this is the defendant's second request for compassionate release and is nearly identical to his previous motion for compassionate release, which the Court denied on April 22, 2021, finding that defendant failed to establish either an "extraordinary and compelling" reason for his release or that the statutory factors under § 3553(a) warranted such release. (ECF No. 102). Defendant has added to his previous arguments, now making arguments concerning the unpleasant nature of his confinement generally and his complete rehabilitation since being incarcerated. (*See generally,* ECF No. 106.)

I. **Standards for Compassionate Release**

The Court can reduce a sentence under §3582(c)(1)(A)(i) if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" § 3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling" reason. *See United States v. Jones,* 980 F.3d 1109, 1111 (6th Cir. 2020). The court must also consider the factors set forth in §3553(a) to the extent that they are applicable. §3582(c)(1)(A). If, after weighing the §3553(a) factors, the court decides that the motion is well taken, the court may reduce the term of imprisonment and may impose a new term of supervised release with or without conditions. §3582(c)(1)(A). Section 3582(c)(1)(A) does not authorize court to order that the defendant serve the remainder of his sentence on home confinement, but the court can order home confinement as a condition of supervised release. *United States v. Spencer,* No. 20-3721, 2020 WL 549832

(6th Cir. Sept. 2, 2020). The grant of compassionate release is at the discretion of the court. *United States v. Kincaid,* 802 F. App'x 187, 188 (6th Cir. 2020).

## II. Discussion

### A. Extraordinary and Compelling Reasons

Defendant must demonstrate "extraordinary and compelling reasons" to justify early release.

Defendant, who is 54 years old, argues that he is at an increased risk of serious illness and death from COVID-19 due to his health conditions, in particular, hypertension and hyperlipidemia. Hyperlipidemia is not on the Centers for Disease Control ("CDC") list of conditions which increase a person's risk of serious illness from COVID-19. According to the CDC, persons with hypertension *can* be more likely to get very sick from COVID-19. 2 *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 17, 2022).

This Court previously determined that "there is no evidence that defendant's blood pressure is not well controlled by medication." (ECF No. 102 at 447.) Defendant has not presented any new evidence to refute the Court's previous conclusion. Moreover, hypertension does not meet "the 'extraordinary and compelling' mark needed to justify a sentence reduction." *United*

---

2 "Hypertension, or high blood pressure, a condition that the CDC estimates impacts 43.8% of the United States adult population, alone does not constitute an extraordinary and compelling reason." *United States v. Thomas*, 471 F. Supp. 3d 745, 749-50 (W.D. Va. 2020) (cleaned up).

3

*States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022); *see also United States v. Thompson,* 984 F.3d 431, 434 (5th Cir. 2021) (affirming denial of compassionate release and noting "nearly half of the adult population in the United States suffers from hypertension"); *United States v. Weichman,* No. 2:14-cr-93, 2021 U.S. Dist. LEXIS 143816, at *6-7 (N.D. Ind. Aug. 2, 2021)("Because of the uncertainty about whether hypertension truly does present a risk factor, courts have denied compassionate release when hypertension is the only potential risk factor presented.").

The Sixth Circuit has also concluded that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an extraordinary and compelling reason warranting a sentence reduction even when the defendant has underlying medical conditions coupled with the risk of contracting COVID-19." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (cleaned up).

Furthermore, defendant's arguments concerning the presence of COVID-19 at the institution where he is housed and how it has made his confinement more unpleasant and his criticism of the BOP's plan to protect him are also not well taken. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's

4

spread."); *see also United States v. Brown*, 2020 U.S. Dist. LEXIS 119749, 2020 WL 3833284, *3 (D. Md. July 8, 2020) ("The fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release under the First Step Act"). The BOP has taken extensive efforts to protect the inmate population. *See, e.g., United States v. Thomas*, 471 F. Supp. 3d 745, 750 (W.D. Va. 2020)(noting the BOP's efforts such as "quarantines, limited contractor and volunteer access, a prohibition on social and legal visits, maximized social distancing within the facilities, and additional cleaning and sanitizing of the prisons.") As to defendant's assertion that the prison's COVID-19 lockdowns have injured him physically and mentally, "lockdowns are a routine fact of life for incarcerated defendants and are hardly extraordinary." *United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

Defendant also claims he has been rehabilitated while incarcerated. In support of his claim, defendant states, "Mr. Arrick's commitment to rehabilitation is demonstrated by his exemplary conduct over the previous months where he has not violated any prison regulation or law." (ECF No. 106 at 471.) Defendant also relays that he "has completed 33 programs while in BOP custody." (*Id.* at 474.) While the Court commends defendant for his efforts, "rehabilitation does not constitute an extraordinary and compelling reason for release." *United States v. Claudio*, No. 17-546, 2022 U.S. Dist. LEXIS 91716, at *7 (E.D. Pa. May 23, 2022).

In sum, defendant has not demonstrated any extraordinary and

5

compelling reason to justify compassionate release.

### B. The Section 3553(a) Sentencing Factors

Even if defendant did present extraordinary and compelling reasons worthy of compassionate release, the Court finds that the § 3553(a) factors weigh in favor of continued incarceration. These factors, *inter alia,* address "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law." *United States v. Kincaid*, 802 Fed. App'x 187 (6th Cir. Apr. 23, 2020).

As the Court previously stated in its April 22, 2021, Opinion and Order, the offense in this case was serious. (ECF No. 106 at 450.) Defendant recruited an adult female, L.P., to engage in commercial sex acts. Defendant obtained heroin for L.P., then withheld it from her to coerce her cooperation. Defendant also used physical force and threatened to kill her if she attempted to leave. From September 2013 to February 2014, defendant transported L.P. to and from Columbus, Ohio, Cincinnati, Ohio, and Covington, Kentucky, multiple times to perform commercial sex acts at hotels and motels. In calculating the guideline range, the probation officer also held defendant accountable for his activities involving two additional victims as relevant conduct. Count 4 carried a mandatory minimum penalty of 15 years (180 months). The guideline range calculated by the probation officer was 210-262 months. However, the plea agreement under Fed. R. Crim. P. 11(c)(1)(C) called for a binding sentencing range of 108-204 months. The lenient sentence of 162 months imposed in this case

6

was in the middle of that range and was below the otherwise applicable guideline range and the statutory mandatory minimum. The reduced sentence sought by defendant would not be sufficient to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from more crimes by the defendant.

As to the history and characteristics of the defendant, the presentence investigation report ("PSR") reported that defendant had a difficult childhood and was exposed to drugs at an early age. Defendant was physically and verbally abused by his mother and stepfather. Defendant previously used marijuana, cocaine, heroin, methamphetamine and amphetamine. He also had mental health issues with depression and anxiety and was diagnosed as having borderline intellectual functioning.

At the time of his conviction, defendant was in Criminal History Category IV. The PSR reported that from 1986 to 2003, defendant sustained approximately 36 convictions which received no criminal history points. The PSR reported 12 additional convictions from 2005 to 2013. The sheer number of these prior convictions, spanning more than 25 years, highlights the need for the sentence in this case to deter defendant from committing further crimes and the need to protect the public from more crimes by the defendant. The fact that the record does not show that defendant has received any intensive substance abuse counseling further supports the risk of recidivism.

In imposing a sentence of 162 months, the sentencing judge

7

already showed the defendant considerable leniency. The reduced sentence sought by defendant would therefore not be sufficient to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from more crimes by the defendant.

For these reasons, even if defendant had demonstrated extraordinary and compelling reasons worthy of compassionate release, the applicable § 3553(a) factors do not support his request for compassionate release.

### III. Conclusion

After considering all of defendant's arguments, individually and in combination, the court concludes that defendant has not shown an extraordinary and compelling reason for compassionate release. Even if he had, the applicable § 3553(a) factors do not support his requested relief. "A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *McKinnie*, 24 F.4th at 586. Defendant's motion for compassionate release (ECF No. 106) is therefore **DENIED.**

The Court also notes that defendant makes vague arguments which appear to challenge his alleged "unlawful conditions of confinement." (ECF No. 106 at 459.) As the government points out, a motion for compassionate release is not the proper vehicle for such a claim. (ECF No. 107 at 491–92.)

8

**IT IS SO ORDERED.**

Date: September 6, 2022                              s/James L. Graham  
                                                    James L. Graham  
                                                    United States District Judge